**FILED**
CLERK, U.S. DISTRICT COURT
06/12/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_ DVE \_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:23-cr-00079-DOC |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Money Laundering; 18 U.S.C. § 982: Criminal Forfeiture] |
| SARA JACQUELINE KING, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant SARA JACQUELINE KING, an attorney licensed to practice law in California, operated King Family Lending LLC ("King Lending") in Newport Beach, California.

2.   King Lending purportedly provided short-term, high-interest loans to celebrities, professional athletes, and other high-net-worth individuals secured by the borrower's own assets, including designer handbags, watches, luxury automobiles, yachts, and earnings from guaranteed professional sports contracts (collectively the "loans").

B.   THE SCHEME TO DEFRAUD

3.   Beginning in or around January 2022 and continuing until at least in or around January 11, 2023, in Orange County, within the Central District of California, and elsewhere, defendant KING, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain money and property from investors of King Lending by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4.   The fraudulent scheme operated, in substance, as follows:

   a.   Defendant KING, through King Lending, recruited investors to purportedly fund the loans.

   b.   Defendant KING told investors that their investments were secured by the same collateral as the loans.

   c.   Defendant KING promised that she would retain possession of the collateral, and in the event a borrower defaulted, defendant KING would sell the collateral and pay the investor in full.

   d.   Defendant KING represented that she would keep a percentage of the interest earned from the loan for herself and

would pass along a percentage of the interest to the investor, along with the investor's initial investment.

   e. In reality, during this time period, defendant KING never initiated nor funded any loan.  Instead of using the investor funds for loans, defendant KING used the funds to gamble at Las Vegas casinos and support her lavish lifestyle.

 5. Based on the fraudulent scheme above, defendant KING caused five investors to lose more than $8 million.

B. <u>THE USE OF AN INTERSTATE WIRE</u>

 6. On or about August 4, 2022, in Orange County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant KING caused the transmission of $99,980 from investor L.R. through the Clearing House Interbank Payments System to King Lending's JP Morgan bank account located in Newport Beach, California to fund a purported loan.

COUNT TWO

[18 U.S.C. § 1957]

7.  On or about June 27, 2022, in Orange County, within the Central District of California, and elsewhere, defendant SARA JACQUELINE KING knowingly engaged in a monetary transaction of a value greater than $10,000, involving funds that she knew to be criminally derived property, and which property, in fact, was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, specifically, a $132,156.09 withdrawal from King Lending's JP Morgan bank account to purchase a Porsche Taycan.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in Count One of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Two of this Information.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  Any property, real or personal, involved in such offense, and any property traceable to such property; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as

an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve-month period.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office